**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

AUG - 3 2005

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. 2:05CR174-A |
| ) | [18 USC 922(a)(6); |
| RAYMOND SILCOX ) | 18 USC 922(g)(3); |
| ) | 18 USC 924(a)(1)(A); |
| ) | 21 USC 844(a)] |
| ) | |
| ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about April 14, 2004, in Montgomery County, within the Middle District of Alabama,

RAYMOND SILCOX,

defendant herein, in connection with his acquisition of a firearm, to-wit: a HiPoint P45, .45 caliber pistol, serial number X413981, from Tactical Supply, LLC, 2600 Spruce Street, Suite D, Montgomery, Alabama, 36107, a federally licensed firearms dealer, knowingly made false and fictitious written statements to employees of Tactical Supply, which statements were likely to deceive employees of Tactical Supply, as to a fact material to the lawfulness of such sale or acquisition of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of controlled substances, when in fact, as the defendant well knew, he was an unlawful user of controlled substances, to-wit: marijuana, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 2

On or about April 14, 2004, in Montgomery County, within the Middle District of Alabama, RAYMOND SILCOX, defendant herein, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of a federally licensed firearms dealer, to-wit: Tactical Supply, LLC, 2600 Spruce Street, Suite D, Montgomery, Alabama, 36107, under the provisions of Chapter 44 of Title 18, United States Code, in that the defendant did execute a Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that he was not an unlawful user of controlled substances, where as in truth and in fact, he was an unlawful user of controlled substances, to-wit: marijuana, in violation of Title 18, United States Code, Sections 924(a)(1)(A).

## COUNT 3

On or about April 14, 2004, in Montgomery County, within the Middle District of Alabama, RAYMOND SILCOX, defendant herein, then being an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, did knowingly possess in and affecting commerce, a firearm, to-wit: a Hi Point P45, .45 caliber pistol, serial number x413981, in violation of Title 18, United States Code, Section 922(g)(3).

## COUNT 4

On or about June 30, 2003, in Montgomery County, within the Middle District of Alabama, RAYMOND SILCOX, defendant herein, in connection with his acquisition of firearms, to-wit: a Ruger, Model 00510, .45 caliber pistol, serial number 22423469, from Chisholm Gun & Pawn Shop, 3311 Lower Wetumpka

Road, Montgomery, Alabama 36110, a federally licensed firearms dealer, knowingly made false and fictitious written statements to employees of Chisholm Gun & Pawn Shop, which statements were likely to deceive employees of Chisholm Gun & Pawn Shop, as to a fact material to the lawfulness of such sale or acquisition of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of controlled substances, when in fact, as the defendant well knew, he was an unlawful user of controlled substances, to-wit: marijuana, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 5

On or about June 30, 2003, in Montgomery County, within the Middle District of Alabama,

RAYMOND SILCOX,

defendant herein, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of a federally licensed firearms dealer, to-wit: Chisholm Gun & Pawn Shop, 3311 Lower Wetumpka Road, Montgomery, Alabama 36110, under the provisions of Chapter 44 of Title 18, United States Code, in that the defendant did execute a Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that he was not an unlawful user of controlled substances, whereas in truth and in fact, he was an unlawful user of controlled substances, to-wit: marijuana, in violation of Title 18, United States Code, Sections 924(a)(1)(A).

## COUNT 6

On or about June 30, 2003, in Montgomery County, within the Middle District of Alabama,

RAYMOND SILCOX,

defendant herein, then being an unlawful user of a controlled substance as defined in 21 U.S.C. §

802, did knowingly possess in and affecting commerce, a firearm, to-wit:, a Ruger, Model 00510, .45 caliber pistol, serial number 22423469, in violation of Title 18, United States Code, Section 922(g)(3).

## COUNT 7

On or about April 19, 2004, in Autauga County, within the Middle District of Alabama,

RAYMOND SILCOX,

defendant herein, did intentionally and knowingly possess marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 844(a).

## FORFEITURE ALLEGATION

A. Counts 1 through 7 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for any violation of Title 18, United States Code, Section 922 or 924, as alleged in Counts 1 through 6 of this indictment, the defendant,

Raymond Silcox,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of any of these offenses.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred, sold to, or deposited with a third person;

    (3) has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or,

(5)    has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described in paragraph B above.

All in violation of Title 18, United States Code, Section 922 and 924.

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
United States Attorney

_____
VERNE H. SPEIRS
Assistant United States Attorney