

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

**MEMORANDUM**

RECEIVED
2005 SEP -8 P 1: 48

UNITED STATES OF AMERICA

-vs-                                                               Case No. 3:05MJ131

**RAYMOND SILCOX**

---

DATE:            September 1, 2005

                 **Your Case No.:**     2:05cr174-A

TO:              United States District Court
                 MD/Alabama (Montgomery)
                 One Church Street
                 Montgomery, Alabama

FROM:            Irma McCain-Coby, Courtroom Deputy for
                 Elizabeth M. Timothy, United States Magistrate Judge
                 (850) 437-6823
                 United States Courthouse
                 One North Palafox Street
                 Pensacola, Florida 32502-5625

SUBJECT:         Rule 5 Proceedings

   The above-styled case originated in your division. Enclosed please find certified copies of documents regarding proceedings held in the Northern District of Florida in Pensacola, Florida wherein the following action was taken:

INITIAL APPEARANCE:      AUGUST 16, 2005

RELEASE/DETENTION:       Conditions of Release were set and the Defendant was released on bond.

SCHEDULED HEARING:       SEPTEMBER 21, 2005

CHARGING DOCUMENT:       Indictment

Enclosures

AO 442 (Rev. 5/93) Warrant for Arrest

# UNITED STATES DISTRICT COURT

| MIDDLE | District of | ALABAMA |

UNITED STATES OF AMERICA

v.

RAYMOND SILCOX
1121 GADDIS AVENUE
PRATTVILLE, AL

**WARRANT FOR ARREST**

CASE NUMBER 2:05CR174-A

RECEIVED 2005 AUG -5 A 9:00 UNITED STATES MARSHALS SERVICE MIDDLE ALABAMA

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED TO ARREST  RAYMOND SILCOX
                                     Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

X Indictment ☐ Information ☐ Complaint ☐ Order of court ☐ Violation Notice ☐ Probation Violation Petition
☐ Superseding Indictment

charging him or her    (brief description of offense)
False Statements/Firearms
Penalties for Firearms
Unlawful Transport of Firearms
Possession of Marijuana

in violation of  18 & 21  United States Code,  922(a)(6) and 924(a)(2); 924(a)(1)(A); 922(g)(3); 844(a)

DEBRA P. HACKETT
Name of Issuing Officer

[signature]
Signature of Issuing Officer - Deputy Clerk

CLERK
Title of Issuing Officer

August 4, 2005 - Montgomery, AL
Date and Location

Bail fixed at  to be set at initial appearance  by  U.S. MAGISTRATE JUDGE
                                                    Name of Judicial Officer

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant ____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
AUG - 3 2005
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05CR174-A |
| | ) | [18 USC 922(a)(6); |
| RAYMOND SILCOX | ) | 18 USC 922(g)(3); |
| | ) | 18 USC 924(a)(1)(A); |
| | ) | 21 USC 844(a)] |
| | ) | |
| | ) | **INDICTMENT** |

RECEIVED 2005 AUG -5 A 9:00 UNITED STATES MARSHALS SERVICES MIDDLE ALABAMA

The Grand Jury charges:

### COUNT 1

On or about April 14, 2004, in Montgomery County, within the Middle District of Alabama, **RAYMOND SILCOX**, defendant herein, in connection with his acquisition of a firearm, to-wit: a HiPoint P45, .45 caliber pistol, serial number X413981, from Tactical Supply, LLC, 2600 Spruce Street, Suite D, Montgomery, Alabama, 36107, a federally licensed firearms dealer, knowingly made false and fictitious written statements to employees of Tactical Supply, which statements were likely to deceive employees of Tactical Supply, as to a fact material to the lawfulness of such sale or acquisition of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of controlled substances, when in fact, as the defendant well knew, he was an unlawful user of controlled substances, to-wit: marijuana, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

ATTEST: A True Copy.
Certified to _____
Clerk, U.S. District Court,
Middle District of Alabama
BY _____
Deputy Clerk

## COUNT 2

On or about April 14, 2004, in Montgomery County, within the Middle District of Alabama,

RAYMOND SILCOX,

defendant herein, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of a federally licensed firearms dealer, to-wit: Tactical Supply, LLC, 2600 Spruce Street, Suite D, Montgomery, Alabama, 36107, under the provisions of Chapter 44 of Title 18, United States Code, in that the defendant did execute a Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that he was not an unlawful user of controlled substances, where as in truth and in fact, he was an unlawful user of controlled substances, to-wit: marijuana, in violation of Title 18, United States Code, Sections 924(a)(1)(A).

## COUNT 3

On or about April 14, 2004, in Montgomery County, within the Middle District of Alabama,

RAYMOND SILCOX,

defendant herein, then being an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, did knowingly possess in and affecting commerce, a firearm, to-wit: a Hi Point P45, .45 caliber pistol, serial number x413981, in violation of Title 18, United States Code, Section 922(g)(3).

## COUNT 4

On or about June 30, 2003, in Montgomery County, within the Middle District of Alabama,

RAYMOND SILCOX,

defendant herein, in connection with his acquisition of firearms, to-wit: a Ruger, Model 00510, .45 caliber pistol, serial number 22423469, from Chisholm Gun & Pawn Shop, 3311 Lower Wetumpka

2

Road, Montgomery, Alabama 36110, a federally licensed firearms dealer, knowingly made false and fictitious written statements to employees of Chisholm Gun & Pawn Shop, which statements were likely to deceive employees of Chisholm Gun & Pawn Shop, as to a fact material to the lawfulness of such sale or acquisition of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that he was not an unlawful user of controlled substances, when in fact, as the defendant well knew, he was an unlawful user of controlled substances, to-wit: marijuana, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 5

On or about June 30, 2003, in Montgomery County, within the Middle District of Alabama,

### RAYMOND SILCOX,

defendant herein, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of a federally licensed firearms dealer, to-wit: Chisholm Gun & Pawn Shop, 3311 Lower Wetumpka Road, Montgomery, Alabama 36110, under the provisions of Chapter 44 of Title 18, United States Code, in that the defendant did execute a Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that he was not an unlawful user of controlled substances, whereas in truth and in fact, he was an unlawful user of controlled substances, to-wit: marijuana, in violation of Title 18, United States Code, Sections 924(a)(1)(A).

## COUNT 6

On or about June 30, 2003, in Montgomery County, within the Middle District of Alabama,

### RAYMOND SILCOX,

defendant herein, then being an unlawful user of a controlled substance as defined in 21 U.S.C. §

802, did knowingly possess in and affecting commerce, a firearm, to-wit:, a Ruger, Model 00510, .45 caliber pistol, serial number 22423469, in violation of Title 18, United States Code, Section 922(g)(3).

## COUNT 7

On or about April 19, 2004, in Autauga County, within the Middle District of Alabama,

RAYMOND SILCOX,

defendant herein, did intentionally and knowingly possess marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 844(a).

## FORFEITURE ALLEGATION

A. Counts 1 through 7 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for any violation of Title 18, United States Code, Section 922 or 924, as alleged in Counts 1 through 6 of this indictment, the defendant,

Raymond Silcox,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of any of these offenses.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred, sold to, or deposited with a third person;

    (3) has been placed beyond the jurisdiction of the court;

4

(4)  has been substantially diminished in value; or,

(5)  has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described in paragraph B above.

All in violation of Title 18, United States Code, Section 922 and 924.

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
United States Attorney

_____
VERNE H. SPEIRS
Assistant United States Attorney

5

*Jane McCarty*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                      Case No. 3:05MJ191

RAYMOND SILCOX

_____

### INITIAL APPEARANCE FOR DEFENDANT
### CHARGED IN ANOTHER DISTRICT

The defendant has been advised by the undersigned of the rights enumerated herein and the following action has been taken:

1. Advised that defendant is before a U.S. Magistrate ✓

2. Advised of the charge or charges ✓

3. Advised that defendant does not have to make any statement; that they have a right to consult with an attorney before making any statement; that any statement they make could be used against them; that they will not be called upon to enter a plea at this hearing ✓

4. Advised of right to hire counsel, or have counsel appointed if, after inquiry, found to be financially unable to hire counsel ✓

5. Defendant waived attendance of counsel for this hearing and advised that waiver does not prevent requesting counsel for trial ___

6. Defendant executed CJA 23 ✓

7. Federal public defender appointed after determination defendant unable to hire counsel (CJA 20) ✓

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

05 AUG 16 PM 4:00

8. Advised defendant should obtain

-1-

FILED

    and file CJA 23 if subsequently
    decide to request appointment of counsel    ___

9.  Defendant admitted financial ability to employ
    counsel/Counsel    ___

10.  Defendant found financially unable to
    employ counsel    ✓

11.  Defendant found to be able to make full
    or partial payment for appointed counsel    ___

12.  Federal public defender appointed solely for
    the purposes of proceedings in this district    ✓

13.  Since indicted, informed that not entitled to a
    preliminary hearing

14.  Advised of right to hearing in this district as to identity
    (Rule 5(a)) — waived    ✓

    (a)  Advised of right to subpoena witnesses
      and produce evidence at identity hearing    ___

    (b)  Advised the consequence after identity
      hearing is removal to the charging district
      and issuance of warrant    ___

    (c)  Advised of right to waive identity hearing    ___

    (d)  Identity hearing waived (AO 121)    ___

    (e)  Fix date for identity hearing
      _____    ___

    (f)  Identity hearing held and defendant
      found/not found to be the persons
      named in the charging instrument    ___

    (g)  Removal warrant authorized    ___

15.  Defendant advised of right to consider
    Rule 20 transfer    ✓

16. Defendant advised of right to reasonable bail

17. Order Setting Conditions of Release entered
(AO 199A)

18. Government moved for detention without bail

    (a) Government represented ready for detention hearing immediately

    (b) Government requested continuance of _____ days (up to and including 3 days)

    (c) Defendant advised of right of continuance for up to and including 5 days

    (d) Detention hearing scheduled and Temporary Detention Order entered

    (e) Detention hearing conducted

        1) Order of detention entered

        2) Order Setting Conditions of Release entered

    (f) Defendant stipulated to detention pending review in charging district

    (g) Defendant currently under order of incarceration, negating necessity of consideration of detention on this charge(s) at this time

-3-

_____
ELIZABETH M. TIMOTHY
UNITED STATES MAGISTRATE JUDGE

NOTES: AUSA: Tom Swain
       AFPD: Tom Keith

Date:   August 16, 2005