**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CASE NO:2:05-CR-174-A** |
| | ) | |
| **RAYMOND SILCOX** | ) | |

## MOTION TO SUPPRESS

Comes the defendant, Raymond Silcox, by counsel and pursuant to Rule 12 of the Federal Rules of Criminal Procedure, and respectfully moves this Court to suppress all items seized and statements obtained as a result of a police search of the home and premises of Mr. Silcox on or about April 14 or 19, 2004 in Prattville, Alabama, and the questioning of Mr. Silcox on and after that date.

As grounds for this motion, Mr. Silcox would show that such search, questionings, and seizures occurred in violation of his rights under the Fourth, Fifth and Sixth Amendments to the U.S. Constitution.

**Facts**

The office of defense counsel is actively engaged in investigating this matter and that investigation is not yet complete. However, information received in discovery indicates that, at a hearing in support of this Motion, the following would be shown:

1. Mr. Silcox is charged with possession of marijuana on April 19, 2004 (Count 7) and with six other counts setting out three different felonies twice, related to his purchase of firearms from licensed firearms dealers on two occasions (June 30, 2003 and on April 14,

2004).

2. These charges are based on the allegation that Mr. Silcox falsely responded "No" to the question "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, or narcotic drug, or any other controlled substance?" on ATF Form F 4473 in connection to those purchases. The indictment alleges that Mr. Silcox violated 18 U.S.C. §§ 922(a)(6), 924(a)(2), 924 (a)(1)(A), and 922(g)(3), and 21 U.S.C. § 844(a).

3. During the evening of around April 19, 2004, Prattville City police officers came to Mr. Silcox' home at 1121 Gaddis Avenue in Prattville, Alabama, allegedly to serve a warrant on someone (not the Defendant) believed to reside there.

4. Mr. Silcox and his wife were both present at their home. Nonetheless, an officer, possibly J.A. Darden, entered the backyard and the premises of their home without their consent or lawful authority.

5. While on Mr. Silcox' property without consent or lawful authority, the officer heard Mr. and Mrs. Silcox speaking.

6. The officer continued his entry onto the fenced yard of Mr. and Mrs. Silcox, and while standing on their back porch, allegedly smelled and observed marijuana in the home.

7. Without consent or lawful authority, the officer directed Mr. and Mrs. Silcox to step out of their home onto their back porch and called for additional officers to come to the home. Lt. McDaniel, Inv. Little, Inv. Boles, T. Allen and others officers, came to and

entered Mr. Silcox' home.

8.  An officer advised Mr. Silcox that if he did not consent to a search of his home, a warrant for the search would be obtained anyway.

9. Mr. Silcox was under the influence of drugs and alcohol at the time of the search; nonetheless, the officers obtained a signed consent form from him, which purported to permit the officers to search his home and to remove from it "whatever documents or items of property whatsoever they deem pertinent to their investigation . . . ."

10. The search was conducted over the course of approximately two hours and during the search, approximately 11 grams of marijuana, a single tablet of hydrocodone and acetaminophen, several firearms, Mr. Silcox' VCR tape of his son's wedding, for a total of thirty items, were removed by the police from Mr. Silcox' residence.

11. During and after the search, Mr. Silcox made several statements in response to questioning, including providing information regarding his purchase of various firearms and his use of marijuana. Mr. Silcox was given *Miranda* warnings prior to some, but not all, of these statements.

12. On or after the occasion of the search of his home, Mr. Silcox was told by Prattville police officers, including Lt. McDaniel and Inv. Little, that he could "work off the drug charge." Pursuant to that agreement, Mr. Silcox was asked for and provided information concerning his own use of marijuana and the names of people he knew to be involved in selling or using drugs.

13. According to police reports, each time Mr. Silcox spoke with the police officers, the officers observed that Mr. Silcox was under the influence of alcohol.

14. At some point, the Prattville Police officers told Mr. Silcox that providing names was not enough to work his case off, but that he would have to make three controlled buys of drugs from three different people. When Mr. Silcox stated he could not do this, the officers indicated they would prosecute him, including referring charges for federal prosecution.

15. As a result of the seizures of items and statements from Mr. Silcox, federal law enforcement officers obtained firearms trace information on Mr. Silcox' personal firearms, and obtained firearms dealers' records and other documents related to Mr. Silcox' purchase of those firearms. Some of these documents are the bases for the charges brought in this indictment, as described in paragraphs 1 and 2 above.

**Grounds to Suppress**

16. The search, and seizures of Mr. Silcox were without warrant or consent and were conducted without lawful authority.

17. The searches described above and the consequent seizure of these items violated the Fourth and Fifth Amendments, in that:

    a. The detention of Mr. Silcox amounted to an arrest without probable cause or proper legal authority.

    b. The warrantless search of Mr. Silcox' home and seizure of Mr. Silcox'

lawful possessions was without probable cause or proper legal authority.

    c.  Both the consent to search and the elicitation of information from Mr. Silcox were the fruit of improper police conduct in violation of the Fourth and Fifth Amendments.

 18. Mr. Silcox did not give full voluntary and knowing consent to the search of his home, in violation of the Fourth Amendment.

 19. Mr. Silcox did not voluntarily and knowingly waive his right not to incriminate himself, either at the time of the search of his home or in subsequent questioning by the police, in violation of the Fifth Amendment.

 20. The decision to prosecute Mr. Silcox violates the explicit agreement made with him, on which he relied to his detriment, in violation of his rights under the Fourth, Fifth and Sixth Amendments.

 21. Use of information provided by Mr. Silcox on condition that he would not be prosecuted violates his rights to due process, fundamental fairness, and to protection from self incrimination under the Fifth Amendment.

 22. Under these circumstances, the items improperly and illegally seized; all information obtained from or as a fruit of such seizures; and all information obtained as a result of Mr. Silcox's search, interrogation, seizures and subsequent police encounters thereafter must be suppressed.

 **WHEREFORE**, the defendant respectfully prays that this Motion be granted.

Respectfully submitted,
**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Raymond Silcox
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2005,  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Verne Speirs, Esquire, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Raymond Silcox
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org