IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:05-cr-174-A |
| | ) | |
| RAYMOND SILCOX | ) | |
| | ) | |
| | ) | |

**UNITED STATES' RESPONSE TO MOTION TO SUPPRESS**

COMES NOW the United States of America, by and through its attorney, Leura Garrett Canary, United States Attorney, and responds to Defendant/Movant Raymond Silcox's Motion To Suppress evidence as follows:

**I. FACTUAL BACKGROUND**

1. On April 19, 2004, at approximately 6:45 p.m., Prattville Police Officer J.Q. Darden ("Darden") arrived at 1121 Gaddis Avenue in Prattvile, the residence of Raymond Silcox ("Silcox"). Darden went to the address to serve an outstanding warrant on Silcox's son, whom police believed to be a resident of the Gaddis Avenue home. Despite the presence of two vehicles in the driveway, one with lowered windows, there was no response when Darden rang the doorbell located at the front door. Darden then walked to the back of the residence and heard two people talking.

2. As Darden neared the sound of the voices, he detected a strong odor of burning marijuana. He approached the back door and could view through the sliding screen door a white male sitting on the floor. The man had in front of him marijuana, and a metal sheet pan which had on it what appeared to be seeds and residue from the marijuana. A white female was also present. The subjects were identified as Raymond and Pamela Silcox.

3. Darden announced his presence and identified himself as a Prattville police officer. He asked the Silcoxes to step onto the back porch area of the home, and explained that he was there to serve a warrant. They informed him that the subject of the warrant was their son, who was then in a rehabilitation facility.

4. While speaking with the Silcoxes, Darden observed a box containing what appeared to be some type of ammunition laying on the floor. The presence of ammunition and drugs prompted him to ask Silcoxes to step outside for his own safety. He then secured the scene and requested assistance from other officers. Silcox informed Darden that he had several weapons inside the residence.

5. Lieutenant McDaniel and Investigator Little, also of the Prattville Police Department arrived at the Silcox residence, read <u>Miranda</u> warnings to the Silcoxes, and received permission to search the premises. In addition to the previously identified marijuana and ammunition, ten firearms were found during the search.

6. During the course of the investigation, the Prattville Police discussed the possibility of Silcox assisting them in law enforcement regarding local drug dealers. Silcox provided names of persons who used or sold drugs, but he would not participate in the controlled buys of drugs proposed by the police.

7. On August 3, 2005, a federal grand jury sitting in the Middle District of Alabama returned a seven-count indictment against Silcox. The indictment alleges that Silcox violated various provisions of federal firearms law at 18 U.S.C. §§ 922 and 924, in addition to the possession of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 844(a).

## II.  SILCOX'S MOTION TO SUPPRESS

8.  Silcox asserts that the search of his home and the information he gave to Prattville police were the fruit of improper police conduct in violation of the Fourth and Fifth Amendments to the United States Constitution.

9.  Silcox also claims that this prosecution violates an agreement he reached with Prattville police officers to provide information about local drug dealers.

10.  Beyond a broad assertion of the Fourth and Fifth Amendments to the United States Constitution, Silcox's motion does not identify the specific police actions by Darden, Lieutenant McDaniel, or Investigator Little, that violated Silcox's constitutional rights.  He claims that his consent to search the residence was invalid due to his being under the influence of drugs and alcohol at the time of the initial encounter on April 19, 2004.  He alternatively argues that information which he provided later, presumably, while not under the influence of drugs or alcohol, regarding his use of drugs and purchase of firearms should be supressed.

## III.  LEGAL ANALYSIS

11.  The United States defends the initial search actions of the Prattville police officers as reasonable responses to the facts presented to them on that date.  Darden was in the process of attempting to serve a valid warrant on Silcox's son, a listed resident of 1121 Gaddis Avenue in Prattville.  He approached the rear of the house only after the doorbell went unanswered despite the presence of two vehicles in the driveway.  Further, one vehicle had lowered windows, which indicated that someone was at home.

12.  Upon walking to the rear of the home, Darden heard voices and continued his approach.  An Eleventh Circuit panel recently found that a law enforcement officer acted

3

appropriately when he proceeded to the back door of a residence. See United States v. Carroll, No. 04-13169, 144 Fed.Appx. 3, *4 (11th Cir. June 15, 2005). Even though that case presented a sign that asked visitors to go to the rear, Darden's belief that someone was home, but simply not responding to the doorbell, was not a violation of the Constitution, but rather, an appropriate, albeit unfortunate for Silcox, attempt to serve a warrant.

     13. He saw through a sliding screen door two people - Silcox and his wife - with a quantity of marijuana. Upon identifying himself and asking the Silcoxes to step onto the rear porch, he discovered ammunition. The presence of drugs and ammunition indicated to Darden that there was a basis to secure the residence and inform other officers of his discovery. See United States v. Baggett, 954 F.2d 674, 677 (11th Cir.1992) (noting that firearms are "a common tool of the drug trade.")

     14. Darden did not enter the Silcox home without permission, and thus invade the residence in contravention of the Fourth Amendment. See United States v. McGough, 412 F.3d 1232, 1236-37 (11th Cir. 2005) (explaining how a "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.") He did approach the rear of the home in an attempt to serve a warrant, which is also discussed in McGough. The Court stated that "if the police see contraband in plain view while inside a home executing an arrest warrant, . . . they may seize it as evidence of a crime." Id. at 1137. See also United States v. Hromada, 49 F.3d 685, 690 (11th Cir. 1995) ("If an officer has lawfully executed a valid arrest warrant, he is not required to shut his eyes to contraband in plain view . . . .")

     15. Darden's decision to secure the premises and alert other officers after finding the marijuana and ammunition is also valid police action. Appropriately, McGough cited the United

States Supreme Court decision in Maryland v. Buie, 494 U.S. 325, 334, 110 S.Ct. 1093, 1098 (1990) and stated "that police officers often face greater risks when arresting someone in their home, as opposed to on the street, and therefore are permitted 'to take reasonable steps to ensure their safety after, and while making, the arrest.'" McGough, id. Given the facts presented to Darden, asking the Silcoxes to step outside pending further police investigation of the drugs and ammunition was not violative of the Constitution.

16. Due to the vague nature of Silcox's claims regarding incapacity as to the statements he made prior to the search, and claims of being misled by the police during the ensuing investigation, the United States responds that Silcox was properly Mirandized prior to the search which produced all the evidence used against him in this prosecution.

17. In light of the foregoing, the warrant for the search of Raymond Silcox's premises at 1121 Gaddis Avenue in Prattville, Alabama, was valid. The drugs and firearms seized during the search cannot be considered "fruit of the poisonous tree," and should be admitted as evidence against Silcox.

### IV. CONCLUSION

For the above reasons, Defendant/Movant Raymond Silcox has failed to demonstrate that the items seized during the search of his premises should be suppressed. His motion to suppress should be dismissed without an evidentiary hearing.

Respectfully submitted this 8th day of November, 2005.

        Respectfully submitted,

        LEURA GARRETT CANARY
        UNITED STATES ATTORNEY


        /s/ Verne H. Speirs
        VERNE H. SPEIRS
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        (334) 223-7280
        (334) 223-7135 fax
        verne.speirs@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:05-cr-174-A |
| | ) | |
| RAYMOND SILCOX | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christine Freeman, Suite 407, 201 Monroe Street, Montgomery, AL 36104.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
verne.speirs@usdoj.gov