IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | CR. NO. 2:05CR174-A |
| ) | |
| RAYMOND SILCOX    ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:           CHRISTINE A. FREEMAN

ASSISTANT U.S. ATTORNEY:   VERNE H. SPEIRS

**COUNTS AND STATUTE CHARGED:**

Counts 1, 4 = **18 U.S.C. § 922(a)(6)**

Counts 3, 6 = **18 U.S.C. § 922(g)(3)**

Counts 2, 5 = **18 U.S.C. § 924(a)(1)(A)**

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 2

**MAXIMUM PENALTY:**

18 U.S.C. § 924(a)(1)(A):
NMT 5Y or
NMT $250,000 or both;
NMT 3Y SUP REL;
$100 AF; VWPA.

**ELEMENTS OF THE OFFENSE:**

18 U.S.C. 924(a)(1)(A)

1. The person named in the Indictment was a Federal Firearms Licensee;

2. The defendant made a false statement to the Federal Firearms Licensee;

3. The defendant knew the statement was false.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Verne H. Speirs, Assistant United States Attorney and Christine Freeman, attorney for the defendant, pursuant to Rule 11(C)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(C)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

### **GOVERNMENT'S PROVISIONS**

1. Upon entering a plea of guilty by the defendant to the offenses charged in Count 2 of the Indictment, the attorney for the United States will do the following:

    a.   The United States will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted

authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

  b. At sentencing, after the defendant has been adjudicated guilty by the District Court of Count 2 of the Indictment, the United States will move to dismiss the remaining Counts of the Indictment.

  c. The United States will agree that the appropriate Offense Level in this case is not greater than Offense Level 13. Offense Level 13 includes all credit for Defendant's Acceptance of Responsibility pursuant to U.S.S.G. 3E1.1. However, should Defendant fail to accept responsibility, the United States is released from any obligation under this provision of the plea agreement. Furthermore, Offense Level 13 includes application of U.S.S.G 2K2.1(b)(1)(B)'s four (4) point enhancement for the 8-24 firearms found in Defendant's home on April 19, 2004.

    d.   The United States agrees to stand silent on any potential argument Defendant makes at Sentencing regarding the application of U.S.S.G 2K2.1(b)(2), possession of firearms for sporting purpose or collection. Any application of U.S.S.G 2K2.1(b)(2) is expressly reserved to the sound discretion of the Sentencing Court. This provision of the plea agreement is unique to the facts of this case alone and shall have no precedential value for any other case or classification of any other firearms. Under the specific facts of this case alone, the United States expresses no opinion about either the sporting use or collection of any specific firearm listed in the indictment or recovered on April 19, 2004, at defendant's residence.

2.   The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### DEFENDANT'S PROVISIONS

3.  The defendant agrees to the following:

    a.  To plead guilty to Count 2 of the Indictment.

    b.  Not commit any State, local or federal offenses.

    c.  Agree to forfeit, abandon and transfer without restriction or claim all firearms and ammunition discovered in Defendant's home on April 19, 2004, to the Bureau of Alcohol, Tobacco and Firearms. Defendant agrees to transfer all firearms

and ammunition at a place and time designated by the United States Attorney's Office, Middle District of Alabama or the Bureau of Alcohol, Tobacco and Firearms.

### FACTUAL BASIS

On or about April 14, 2004, in Montgomery County, within the Middle District of Alabama, RAYMOND SILCOX, defendant herein, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of a federally licensed firearms dealer, to-wit: Tactical Supply, LLC, 2600 Spruce Street, Suite D, Montgomery, Alabama, 36107, under the provisions of Chapter 44 of Title 18, United States Code, in that the defendant did execute a Bureau of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record, to the effect that he was not an unlawful user of controlled substances, where as in truth and in fact, he was an unlawful user of controlled substances, to-wit: marijuana, in violation of Title 18, United States Code, Sections 924(a)(1)(A).

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant understands that a plea pursuant to F.R.Cr.P. 11(c)(1)(C) expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further

expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

Notwithstanding the above, the defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either USSG § 4A1.3 (from criminal history) or §5K2.0 (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

In return for the above waiver by the defendant, the government does not waive its right to appeal the sentence imposed in the instant case. The government does not waive its right to appeal any order dismissing the indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

Nothing in this section shall be construed as a waiver of appeal based on a post conviction remedy for ineffective assistance of counsel or prosecutorial misconduct.

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

4. The defendant, before entering a plea of guilty to Count 2 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b. Defendant acknowledges that defendant's breach of this federal plea agreement will not entitle her to withdraw her guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

   c. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

   d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the

proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The

8

defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, the attorney for the State and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel. k.

The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

5. The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may

later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

6. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.

This 30th day of November, 2005.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Louis V. Franklin, Sr.
Chief, Criminal Division

*/s/ Verne H. Speirs*
Verne H. Speirs
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, _Christine A Freeman_ pBS

_____
Raymond Silcox
Defendant

30 NOV 05
Date

_____
CHRISTINE A. FREEMAN
Attorney for the Defendant

11/30/05
Date